IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TONY EDWARD FLOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 313-041 |
| | ) | |
| GLEN JOHNSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate incarcerated at Ware State Prison in Waycross, Georgia, brought the above-captioned petition pursuant to 28 U.S.C. § 2254. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motions to amend be **DENIED** (doc. nos. 13, 14, 15), his § 2254 petition be **DENIED**, this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

## I.      BACKGROUND

On April 22, 2002, a Laurens County grand jury indicted Petitioner for one count of armed robbery. (Doc. no. 5-5, pp. 38-39.) Following a jury trial in the Superior Court of Laurens County, Petitioner was found guilty of armed robbery and sentenced to life imprisonment without parole. (Id. at 40-41, 143-44.) Petitioner was represented by attorney Mitch Warnock at trial. (Id. at 231.)

Petitioner filed a motion for a new trial and was appointed new counsel, attorney

Morris Robertson.  (Id. at 110-12, 146.)  Through his new counsel, Petitioner filed an

amended motion for a new trial, and the trial court denied both the original and amended

motions on April 14, 2009.  (Id. at 202-05).  In ruling on the motions, the trial court

provided the following description of the facts underlying the offense:

> The evidence shows that the Defendant and Angela Polk went to Samuel
> Huerta's residence around 11:30 p.m. on November 27, 200[1].  Polk went
> into the house alone.  Defendant later entered wearing a mask and carrying
> a gun.  Huerta's wallet was taken from him.  The Defendant and Polk left
> in Polk's car together.  Huerta's wallet was found in Polk's car.
> Defendant turned over the BB gun used in the robbery, and a search
> warrant resulted in the seizure from Defendant's residence of beige pants
> and a black hood with a space for the eyes and nose cut out.  Both Polk
> and Huerta testified that these items were similar to the ones used the
> night of the robbery.

(Id. at 204.)

Petitioner then filed a direct appeal in which he claimed that:  (1) the State did not

prove his identity beyond a reasonable doubt and could not rely on uncorroborated

testimony of a co-defendant to do so; (2) there was insufficient evidence to support the

guilty verdict; (3) trial counsel provided ineffective assistance for failing to move for a

directed verdict at the conclusion of the State's case; (4) the trial court erred by allowing

evidence of Petitioner's bad character to be introduced; and (5) trial counsel provided

ineffective assistance for failing to object to such character evidence.  The Georgia Court

of Appeals affirmed Petitioner's conviction in an unpublished decision on January 28,

2010.  Floyd v. State, No. A09A1841 (Ga. Ct. App. Jan. 28, 2010) (contained in

Defendant's Exhibit 5 (doc. no. 5-5, pp. 27-30)).

On May 13, 2010, Petitioner filed a state habeas corpus petition in the Ware

County Superior Court, in which he asserted five claims of ineffective assistance of

appellate counsel based on his attorney's failure to: (1) challenge the validity of his sentence; (2) raise an insufficient evidence claim; (3) argue that the trial court erred by failing to instruct the jury regarding conspiracy; (4) argue that Petitioner's right to a fair trial had been violated by investigators' failure to preserve exculpatory evidence; and (5) argue that the trial court applied the wrong standard in denying his motions for a new trial. (Doc. no. 5-1, pp. 5-6.) Following an evidentiary hearing on September 21, 2010, the state habeas court denied the petition on July 6, 2011. (Doc. no. 5-2.) The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal on April 13, 2013. (Doc. no. 5-4.)

Petitioner then timely filed the above-captioned § 2254 petition, raising four grounds for relief. (Doc. no. 1.) In Ground One, Petitioner claims the state failed to prove his identity beyond a reasonable doubt because it could not rely on uncorroborated testimony of a co-defendant to do so. (Id. at 5.) In Ground Two, he claims there was insufficient evidence to support the guilty verdict. (Id.) In Ground Three, he claims trial counsel was ineffective for failing to move for a directed verdict. (Id.) In Ground Four, Petitioner claims the trial court erred by allowing evidence of his bad character. (Id.)

On August 27, 2013, Respondent filed his answer to the § 2254 petition. (Doc. no. 4.) Petitioner thereafter filed a traverse response, a motion to amend his petition to add additional grounds for relief, and a motion for an extension of time to file a brief. (Doc. nos. 6, 7, 10.) On October 30, 2013, the Court issued an Order denying Petitioner's request for leave to amend because he did not identify the grounds he sought to add or state when he would file the requested amendment. (Doc. no. 11, pp. 1-2.) The

Court instructed Petitioner how to properly amend his petition, and stated "[i]f Petitioner wishes to file such a motion [to amend] in this case, he must do so within 14 days of the date of this Order." (Id. at 2.) The Court also granted Petitioner's request for an extension to file a brief, which Petitioner submitted on November 13, 2013. (Doc. no. 12.)

Petitioner did not, however, file a motion to amend his § 2254 petition within the allotted time. Rather, Petitioner waited nearly four months to file a motion requesting leave to amend, docketed February 28, 2014, in which he again provided no description of the proposed amendment. (Doc. no. 13, p. 2.) Petitioner again asked for leave to amend in the first of two motions docketed on March 10, 2014, because "some grounds are frivilous [sic] in nature and some argued incorrectly."[1] (Doc. no. 14, p. 2.)

Petitioner filed another motion that was docketed on March 10, 2014, this one titled a motion to amend. (Doc. no. 15.) In the motion, his fourth request to amend his petition, Petitioner finally provides his proposed amended grounds. (See id.) In the first proposed ground, Petitioner claims appellate counsel was ineffective for failing to raise on direct appeal several deficiencies of trial counsel. Petitioner argues his appellate counsel should have argued that trial counsel was deficient because he: (1) did not request voice identification; (2) did not call witnesses; (3) did not request fingerprint

---

[1]Petitioner titled the February 28th and the first March 10th motion as motions for a writ of mandamus, and requested that the Court inform him whether the original Respondent had been replaced by Warden Johnson. (See doc. nos. 13, 14.) Because Warden Johnson was substituted as the Respondent pursuant to the Court's October 30th Order (doc. no. 11), and because Petitioner requests permission to amend his § 2254 petition in both motions, the Court construes them as motions to amend.

identification; (4) coerced Petitioner to go to trial; (5) failed to investigate the case; and

(6) did not inform Petitioner he could be sentenced to life without parole if he proceeded

to trial. (<u>Id.</u> at 1-2.) In his second proposed ground, Petitioner claims the trial judge

erred because he "never gave requested jury instruction to question to defendant [sic]

"Where were you?"" (<u>Id.</u> at 2.) Finally, Petitioner seeks to add a ground for

prosecutorial misconduct because the prosecutor "requested life without possibility of

parole for crime [sic] without notice to seek death penalty." (<u>Id.</u>)

## II.     STANDARD OF REVIEW

Under § 2254(d), as amended by the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a state court shall not be granted with respect
> to any claim that was adjudicated on the merits in state court proceedings
> unless the adjudication of the claim
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in the
> > State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic

structure of federal habeas jurisdiction, designed to confirm that state courts are the

principal forum for asserting constitutional challenges to state convictions." <u>Harrington</u>

<u>v. Richter</u>, 131 S. Ct. 770, 787 (2011). Accordingly, § 2254(d) creates a "difficult to

meet and highly deferential standard for evaluating state-court rulings, which demands

that state-court decisions be given the benefit of the doubt." <u>Cullen v. Pinholster</u>, 131 S.

Ct. 1388, 1398 (2011) (quoting <u>Richter</u>, 131 S. Ct. at 786; <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24 (2002)) (internal citation omitted).

In <u>Brown v. Payton</u>, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

<u>Id.</u> (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is "incorrect or erroneous"; only a showing that the decision was "objectively unreasonable" will entitle a petitioner to relief. <u>Wiggins v. Smith</u>, 539 U.S. 510, 520-21 (2003); <u>see also</u> <u>Richter</u>, 131 S. Ct. at 786-87 ("[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."). In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." <u>Cullen</u>, 131 S. Ct. at 1398.

Moreover, AEDPA mandates a highly deferential standard of review for state court factual determinations. With regard to factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also Wood v. Allen, 558 U.S. 290, 301 (2010) ("The term 'unreasonable' is no doubt difficult to define. It suffices to say, however, that a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." (internal citation and punctuation omitted)). Additionally, § 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct" and that the habeas petitioner has the burden of rebutting that presumption "by clear and convincing evidence." See also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1287 (11th Cir. 2012) ("In a habeas proceeding, our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review.") (internal quotation marks omitted).

## III. DISCUSSION

### A. Petitioner Is Not Entitled to Federal Habeas Relief Based on His Claims in Grounds One and Four, Because They Are State Law Claims.

A federal habeas court may entertain an application for a writ of habeas corpus only on the ground that the petitioner is in custody in violation of the United States Constitution, a treaty, or the laws of the United States. Estelle v. McGuire, 502 U.S. 62, 68 (1991). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. at 67-68; Alston v. Dep't of Corr., Fla., 610 F.3d 1318, 1326 (11th Cir. 2010) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."). Thus, a federal court is not concerned with a state's interpretation

of its own laws and rules unless the violations raise federal constitutional problems; such matters are of state concern. McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992). Stated otherwise, a federal habeas court is not a "'super' state supreme court" available to grant relief every time it believes a state court erred. Shaw v. Boney, 695 F.2d 528, 530 (11th Cir. 1983) (*per curiam*) (quoting Meyer v. Estelle, 621 F.2d 769, 771 (5th Cir. 1980)).

>    1.    **Grounds One and Four, Challenging the Evidence Used to Prove Petitioner's Identity and the Trial Court's Decision to Allow Character Evidence, Raise State Law Claims That Are Not Cognizable in a Federal Habeas Proceeding.**

In Ground One of the § 2254 petition, Petitioner argues there was insufficient evidence to prove his identity because the prosecution improperly relied on "the uncorroborated testimony of a co-defendant." (Doc. no. 1, p. 5.) However, sufficiency of witness testimony was governed by O.C.G.A. § 24-4-8 (repealed 2013) at the time of Petitioner's criminal proceedings, and the claim was analyzed accordingly on direct appeal. Floyd, No. A09A1841, slip op. at 1-2. Thus, Ground One presents an issue of state law and is not cognizable in a federal habeas proceeding. Likewise, in Ground Four, Petitioner claims the trial court erred by allowing evidence of Petitioner's bad character during witness testimony. (Doc. no. 1, p. 5.) As indicated in Petitioner's direct appeal, his claim asserts a violation by the trial court of O.C.G.A. § 24-9-20(b) (repealed 2013). (Doc. no. 5-5, pp. 217-18.)

Federal courts do not review whether the admission of evidence in a state criminal trial conformed with state law requirements. Futch v. Dugger, 874 F.2d 1483, 1487 (11th Cir. 1989). Thus, Petitioner has not stated a claim that is cognizable in a federal habeas

proceeding in either Ground One or Four, and neither can form the basis for federal

habeas corpus relief.  See Estelle, 502 U.S. at 68-69 ("[I]t is not the province of a federal

habeas court to reexamine state-court determinations on state-law questions.").  As such

Petitioner's claims in Grounds One and Four fail.

> **2.     Petitioner's Argument that the Cumulative Effect of the Errors Alleged in Grounds One and Four Amounts to a Federal Constitutional Violation Is Without Merit.**

Petitioner attempts to circumvent the bar on federal review of state-law questions

by arguing in his brief, filed after Respondent's answer, that the cumulative effect of the

errors alleged in Grounds One and Four amount to a violation of his right to due process

under the federal constitution.[2]  (Doc. no. 12, p. 4.)  First, the Court need not consider

claims that are raised for the first time in a reply brief.  Herring v. Sec'y, Dep't of Corr.,

397 F.3d 1338, 1342 (11th Cir. 2005); see also Cooper v. Sec'y, Dep't of Corr., 8:08-CV-

5-T-27MAP, 2011 WL 795812, at *7 (M.D. Fla. Mar. 1, 2011).   Second, because

Petitioner never raised in state court the federal constitutional issues he now alleges, he

has not properly exhausted any claim based on them.  See Zeigler v. Crosby, 345 F.3d

1300, 1307-08 & n.5 (11th Cir. 2003); McNair v. Campbell, 416 F.3d 1291, 1303-04

(11th Cir. 2005); Hartge v. McDonough, 210 F. App'x 940, 943 (11th Cir. 2006) (*per*

---

[2] Petitioner does not, as is more common, attempt to assert cumulative error as an independent ground for habeas relief.  Regardless, several courts within the Eleventh Circuit have noted that freestanding cumulative effect claims are not cognizable under § 2254.  See, e.g., James v. Sec'y, Dept. of Corr., No. 8:12-cv-1363, 2013 WL 5596800, at *6 (M.D. Fla. Oct. 11, 2013); Williams v. Tucker, No. 3:10cv238, 2012 WL 2675468, at *20 (N.D. Fla Apr. 30, 2012) *report and recommendation adopted by* 2012 WL 2675458; Lucas v. Upton, No. 5:09-CV-289, 2012 WL 892191, at *2 n.1 (M.D. Ga. Mar. 14, 2012).

*curiam*).   Indeed, as stated above, Petitioner's claims in Grounds One and Four were addressed by the Georgia Court of Appeals on purely state law grounds, and "federal habeas corpus relief does not lie for errors of State law."  Estelle, 502 U.S. at 68-69.

Even if the Court were to consider the claim, it is meritless.  "The cumulative error doctrine provides that an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal."  Morris v. Sec'y, Dept. of Corr., 677 F.3d 1117, 1132 (11th Cir. 2012).  (internal quotations and citation omitted).  However, as stated above, the Georgia Court of Appeals found no error—harmless or otherwise—stemming from the prosecution's use of a co-defendant's testimony or the trial court's admission of character evidence.  Thus, Petitioner's argument that the cumulative effect of errors amounts to a federal constitutional violation is without merit.  See id. ("Where [t]here [is] no error in any of the [trial] court's rulings, the argument that cumulative trial error requires that this Court reverse [the defendant's] convictions is without merit.") (internal quotation marks omitted).[3]

> **B.    Ground Two Does Not Provide a Basis for Relief, Because the State Court's Determination that Evidence Was Sufficient to Prove Petitioner's Guilt Beyond a Reasonable Doubt Is Entitled to Deference under AEDPA.**

In Ground Two, Petitioner asserts that the evidence admitted against him at trial

---

[3]See also U.S. v. Waldon, 363 F.3d 1103, 1110 (11th Cir. 2004) (*per curiam*) ("[B]ecause no individual errors . . . have been demonstrated, no cumulative erros can exist."); U.S. v. Barshov, 733 F.2d 842, 852 (11th Cir. 1984) ("Without harmful errors, there can be no cumulative effect compelling reversal."); Ballard v. McNeil, 785 F. Supp. 2d 1299, 1336 (N.D. Fla. 2011) ("[C]umulative error analysis should evaluate only matters determined to be in error, not the cumulative effect of non-errors.")

was insufficient to prove his guilt beyond a reasonable doubt. (Doc. no. 1, p. 5.) Petitioner claims the evidence was insufficient because the "entire case was built upon the impeached testimony of an alleged accomplice." (Doc. no. 12, p. 5.) Thus, Grounds One and Two of the petition are similar in nature. To the extent Ground Two challenges the propriety of the state's reliance on a co-defendant's testimony, the claim raises a state law question as discussed above. See supra Section III.A.1. To the extent Petitioner argues in Ground Two that the evidence against him was generally insufficient to sustain his conviction, the standards from Jackson v. Virginia apply. 443 U.S. 307, 316 (1979).

The Supreme Court held in Jackson that a conviction only comports with the Due Process Clause if the evidence produced at trial is sufficient to convince the factfinder beyond a reasonable doubt of the existence of every element of the offense in question. Id. The key inquiry is whether, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319. Along with these basic principles regarding sufficiency of the evidence, the Court is also guided by AEDPA's mandate that the state court's factual determinations are presumptively correct absent rebuttal by clear and convincing evidence. 28 U.S.C. 2254(e)(1).

On direct appeal, the Georgia Court of Appeals evaluated Petitioner's insufficient evidence claim in conjunction with his claim that his co-defendant's testimony was insufficient to establish his identity. Floyd, No. A09A1841, slip op. at 1-2. As stated supra Section III.A.1, the state appellate court found the evidence satisfactory under Georgia statutory and case law. Id. The Georgia Court of Appeals quoted its prior

decision in <u>Barnett</u>, in which it stated, "If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence." <u>Id.</u> at 2 (internal quotation marks omitted) (quoting <u>Barnett</u>, 244 Ga. App. at 587). The Georgia Court of Appeals summarized the evidence corroborating the co-defendant's testimony as follows:

> Here, the testimony of Floyd's accomplice was corroborated by testimony that Floyd, upon being interviewed, turned over a BB gun to police, that using a search warrant police found a pair of beige pants and a black mask with holes cut out for eyes and nose in Floyd's residence; and that the victim identified the mask and gun as "just like" and "the same like" those that were used in the robbery, and the pants as "kind of like the ones he had."

<u>Id.</u> The court then found that "[t]his evidence satisfies the slight evidence requirement necessary to corroborate the testimony of the accomplice." <u>Id.</u>

The Court also analyzed the sufficiency of the evidence under <u>Jackson</u>, as applied by the Georgia Supreme Court in <u>Coggins v. State</u>, 569 S.E.2d 505 (Ga. 2002), and found that the evidence was sufficient to sustain Petitioner's conviction. <u>Id.</u> at 3. Thus, in deciding Petitioner's challenges to the sufficiency of the evidence, the Georgia Court of Appeals did not reach a result contrary to a Supreme Court case with materially indistinguishable facts, nor did it apply a rule that contradicts the governing law as set forth in Supreme Court precedent.

Furthermore, Petitioner has not presented any evidence—much less clear and convincing evidence—to rebut the presumptive correctness of the state appellate court's factual determinations. Indeed, Petitioner's only assertion in support of his argument is that witness statements indicate the items later found in his possession, which were used

12

to corroborate his co-defendant's testimony, were not used in the robbery. (Doc. no. 12, p. 6.) Petitioner claims the Georgia Court of Appeals acknowledged as much in its decision, and purports to quote the appellate court's finding that witnesses testified the items "were not used in the robbery." (Id.) However, Petitioner actually quotes a typographical error in Respondent's brief that included the word "not." (See doc. no. 4-1, p. 7.) The state appellate court's decision reads, "the victim identified the mask and gun as "just like" and "the same like" those that were used in the robbery, and the pants as "kind of like the ones he had."" Floyd, No. A09A1841, slip op. at 2. Thus, Petitioner has not produced any evidence to rebut the presumption that the state appellate court's factual determinations are correct, and has not shown that the state court was objectively unreasonable in determining that the evidence at trial was sufficient for a jury to conclude that he was guilty beyond a reasonable doubt. Accordingly, Petitioner is not entitled to federal habeas relief based on his claim in Ground Two challenging the sufficiency of the evidence.

     **C.    Ground Three Does Not Provide a Basis for Relief, Because the State Court's Decision Denying Petitioner's Ineffective Assistance Claim Is Entitled to Deference under AEDPA.**

         **1.    Under <u>Strickland v. Washington</u>, Petitioner Bears a Heavy Burden on Ineffective Assistance of Counsel Claims**.

Ineffective assistance of counsel claims are subject to the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>See</u> <u>Richter</u>, 131 S. Ct. at 785. Petitioner must show that counsel was constitutionally ineffective under the two prongs of <u>Strickland</u> by proving defense counsel's performance was deficient and prejudicial. Under the first prong, Petitioner must show that "counsel's representation fell below an

objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." <u>Hagins v. U.S.</u>, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." <u>Strickland</u>, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." <u>Fugate v. Head</u>, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as [trial] counsel acted . . . ." <u>Waters v. Thomas</u>, 46 F.3d 1506, 1512 (11th Cir. 1995) (<em>en banc</em>).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." <u>Smith v. Wainwright</u>, 777 F.2d 609, 616 (11th Cir. 1985); <u>see Brooks v. Comm'r, Ala. Dep't of Corr.</u>, 719 F.3d 1292, 1301 (11th Cir. 2013). Under the prejudice prong of <u>Strickland</u>, the petitioner must show that there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Brooks</u>, 719 F.3d at 1300 (quoting <u>Strickland</u>, 466 U.S. at 694) (internal citation omitted). As the Eleventh Circuit has ruled, an

affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. U.S., 368 F.3d 1290, 1293 (11th Cir. 2004) (citations omitted).

In the context of an ineffective assistance claim that was previously rejected by a state court, the petitioner bears the even heavier burden of "show[ing] that the [state courts] applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 699 (2002); see also Cave v. Sec'y for the Dep't of Corr., 638 F.3d 739, 748 (11th Cir. 2011) (noting that, where the state court has previously adjudicated a claim on the merits, the petitioner "has the additional burden of demonstrating that the state court's application of this demanding standard was not merely wrong, but objectively unreasonable"). "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly." Bell, 535 U.S. 685 at 699. Moreover, because "[t]he standards created by Strickland and § 2254(d) are both highly deferential, . . . when the two apply in tandem review is doubly so." Richter, 131 S. Ct. at 788 (quotation marks and citations omitted); see also Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (review of attorney performance is "highly deferential-and doubly deferential when it is conducted through the lens of federal habeas"). Put another way, "[t]he Strickland standard is a general one, so the range of reasonable applications is substantial." Id.

Applying these standards to the ineffective assistance of counsel claim Petitioner unsuccessfully raised on direct appeal and reasserts in Ground Three of his federal petition, Petitioner has not shown that federal habeas relief is warranted.

      **2.**      **The State Court's Application of <u>Strickland</u> to Petitioner's Ineffective Assistance of Counsel Claim Was Not Objectively Unreasonable.**

Petitioner contends that trial counsel rendered ineffective assistance for failing to move for a directed verdict at the conclusion of the prosecution's case. (Doc. no. 1, p. 4.) Petitioner provides no supporting argument in his filings, but merely reiterates his conclusory statement that trial counsel should have moved for a directed verdict because the evidence was insufficient. (<u>See</u> doc. no. 10, p. 4; doc. no. 12, p. 6.)

On direct appeal, the Georgia Court of Appeals denied Petitioner's claim on the merits, analyzing it under Georgia case law applying <u>Strickland</u> and <u>Jackson</u>. <u>Floyd</u>, No. A09A1841, slip op. at 2-3. The appellate court determined that Petitioner could not overcome the presumption that trial counsel's performance was effective, because Petitioner did not provide any testimony of his trial attorney. <u>Id.</u> (citing its prior application of <u>Strickland</u> under similar circumstances in <u>Temple v. State</u>, 561 S.E.2d 132 (Ga. Ct. App. 2002)). The appellate court also stated that an attorney is not ineffective for failing to raise a meritless objection, and held that trial counsel was not ineffective for failing to move for a directed verdict in Petitioner's case, because the evidence was sufficient to support the judgment. <u>Id.</u> at 3 (citing the Georgia Supreme Court's application of <u>Strickland</u> in <u>Coggins</u>, 569 S.E.2d 505, and the Georgia Court of Appeals' prior application of <u>Jackson</u> in <u>Jones v. State</u>, 670 S.E.2d 506 (Ga. Ct. App. 2008)).

Thus, the appellate court found that a directed verdict would have been denied even if trial counsel had moved for one.

Petitioner provides no argument in his § 2254 petition or subsequent filings that his counsel's performance fell below the objective standard, or that he suffered any prejudice due to his counsel's performance. As such, he provides no reason to believe the state appellate court erred in its analysis under Strickland and Jackson by finding that his trial counsel provided effective assistance, and that the evidence was sufficient to support Petitioner's conviction such that a directed verdict would not have been granted. In sum, there is nothing to suggest the state appellate court's analysis was contrary to Strickland, or that the court unreasonably applied Strickland's standards to Petitioner's ineffective assistance claim. Accordingly, the state appellate court's findings are entitled to deference, and there is no basis for federal habeas relief based on Ground Three of the instant petition. 28 U.S.C. § 2254(d).

**D. The Motions to Amend Should Be Denied Because of Petitioner's Undue Delay in Filing Them and Because They Would Be Futile.**

As stated above, since the denial of his first motion to amend, Petitioner has filed three additional motions requesting permission to amend his § 2254 petition. However, only in his fourth motion to amend does Petitioner explain the claims he wishes to add. (Doc. no. 15.) Petitioner seeks to add several claims based on ineffective assistance of appellate counsel that he never previously raised in state court. (See id. at 1-2.) He also seeks to add claims asserting that the trial judge erred in his instructions to the jury and the prosecutor engaged in improper conduct. (See id. at 2.)

Federal Rule of Civil Procedure 15, which governs amendment of pleadings, is applicable to § 2254 petitions.  See Mayle v. Felix, 545 U.S. 644, 655 (2005).  Thus, the Court will apply a traditional Rule 15 analysis to Petitioner's motions to amend. Specifically, Rule 15(a)(1) provides that:

> A party may amend its pleading once as a matter of course within:  (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Because Petitioner's motions to amend were filed more than twenty-one days after Respondent's answer to the § 2254 petition, he cannot amend as a matter of right under Rule 15(a)(1).  If a party is not entitled to amend as a matter right under Rule 15(a)(1), then "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*); Foman v. Davis, 371 U.S. 178, 182 (1962).  That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it."  Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment."  Saewitz, 133 F. App'x at 699 (quoting Foman, 371 U.S. at 182).

### 1. Petitioner's Motions to Amend Should Be Denied Because of Undue Delay in Filing.

This case was fully briefed as of August 27, 2013, when Respondent filed his answer. (Doc. no. 4.) Not until he filed his fourth motion to amend, dated March 5, 2014, did Petitioner describe the grounds he wishes to add. (Doc. no. 15.) Petitioner provides no cause or explanation for the delay in filing his motions or his failure to follow the Court-ordered deadlines for doing so. (See doc. nos. 13, 14, 15.) Therefore, Petitioner is not entitled to amend his petition to add new grounds because there has been undue delay on his part in filing such requests. See Saewitz, 133 F. App'x at 699.

### 2. Petitioner's Motions to Amend Should Also Be Denied Because the Proposed Claims Therein Are Procedurally Defaulted, and the Amendments Would Therefore Be Futile.

An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007))). In accordance with this principle, where the proposed amendment contains claims that would be procedurally defaulted and the petitioner has not shown cause and prejudice to excuse the default or satisfied the miscarriage of justice exception, a district court may properly deny leave to amend as futile. See Moore-El v. Luebbers, 446 F.3d 890, 901-03 (8th Cir.), *cert. denied*, 549 U.S. 1059 (2006); see also Smith v. Tucker, 4:09CV47-RH/WCS, 2011 WL 5873066, at *1 (N.D. Fla. Oct. 24, 2011) (denying leave to amend when proposed claim

was both untimely and defaulted), *adopted by* 2011 WL 5873046 (N.D. Fla. Nov. 23, 2011).

> **a.** **A Federal Habeas Petitioner Defaults a Claim by Failing to Properly Exhaust State Remedies.**

AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss unexhausted habeas claims that the petitioner did not raise in state court, but could have raised by any available procedure. 28 U.S.C. § 2254(b)(1)(A) & (c). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see also Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)).

The exhaustion requirement applies with equal force to all constitutional claims, including claims of ineffective assistance of counsel. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). A petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. See McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005).

A federal habeas petitioner can run afoul of procedural default rules in one of two

ways, depending on whether the claim at issue is an old one that the petitioner has already attempted to assert unsuccessfully in state court, or a new claim that the petitioner never attempted to raise in state court.  First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds.  "As a general rule, a federal habeas court may not review state court decisions on federal claims that rest on state law grounds, including procedural default grounds, that are 'independent and adequate' to support the judgment."  Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1335 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 2857 (2013).

Second, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim in his federal petition that would be procedurally barred if he attempted to raise it in state court.  In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default."  Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001).  Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."  Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.").

Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted."  Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).  For example, a federal habeas petitioner cannot attempt to bring a new claim in his federal

habeas petition that would be procedurally barred if he attempted to raise it in state court. To that end, Georgia law prohibits the assertion of state habeas claims in any successive petition that could have been asserted in the original state habeas petition. O.C.G.A. § 9-14-51; Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court . . . ."). As a result, Petitioner has procedurally defaulted any claims proposed in his motions to amend that he could have asserted, but did not, in his state habeas proceedings.

### b. The Proposed Grounds for Relief Petitioner Seeks to Add Are Procedurally Defaulted.

Petitioner did not argue, either on direct appeal or in his state habeas petition, his proposed ground that the trial court should have instructed the jury regarding the "question to defendant "Where were you?"" (Doc. no. 15, p. 2.) Likewise, in his proposed amendment, Petitioner raises allegations of prosecutorial misconduct for the first time. (Id.) Petitioner also seeks to add grounds for ineffective assistance of appellate counsel, arguing his attorney should have raised claims based on various alleged deficiencies in trial counsel's performance leading up to trial. (See doc. no. 15, pp. 1-2.) Specifically, Petitioner claims appellate counsel should have challenged his trial attorney's failure to request voice and fingerprint identification, investigate the case, and call witnesses. (Id. at 1.) Petitioner also claims trial counsel coerced him into proceeding to trial and never informed him of the possibility of a life sentence. (Id. at 1-2.)

Although Petitioner brought claims for ineffective assistance of appellate counsel in his state habeas petition, those claims were based on his attorney's failure to challenge (1) the validity of his sentence, (2) the sufficiency of the evidence, (3) the trial court's failure to charge the jury as to conspiracy, (4) the fairness of Petitioner's trial given detectives' failure to preserve exculpatory evidence, and (5) the standard applied by the trial court in denying his motions for a new trial. (Doc. no. 5-1, pp. 4-5; doc. no. 5-2, p. 3.) Thus, Petitioner did not previously raise any of his proposed ineffective assistance claims in his state habeas petition. (Compare doc. no. 5-1 to doc. no. 15.) Because Petitioner failed to raise any of the proposed grounds of his fourth motion to amend in his state habeas petition, they are all new claims and state remedies are no longer available to him based on them. See O.C.G.A. § 9-14-51; Chambers, 150 F.3d at 1327. As such, they are procedurally defaulted. See McNair, 416 F.3d at 1305; Smith, 256 F.3d at 1139.

### c. Petitioner Has Not Alleged Cause to Justify Federal Review of His Defaulted Proposed Claims and the Miscarriage of Justice Exception Does Not Apply.

"A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default." Jones, 436 F.3d at 1304 (citing Wainwright v. Sykes, 433 U.S. 72, 97 (1977)). "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." Maples v. Thomas, 132 S. Ct. 912, 922 (2012) (internal quotation marks omitted). For example, procedural default does not preclude federal habeas review when: (1) state law or state practice operates such that ineffective assistance of trial

counsel claims must be raised for the first time on collateral review, (2) such claims are procedurally barred from subsequent review if they are not raised in the initial collateral proceeding, (3) the petitioner was without counsel in the initial collateral proceeding or habeas counsel provided ineffective assistance, and (4) the defaulted ineffective assistance of trial counsel claims are substantial. Trevino v. Thaler, 133 S. Ct. 1911, 1921 (2013); Martinez v. Ryan, 132 S. Ct. 1309, 1318-20 (2012).

"Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice." Jones, 436 F.3d at 1304 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)). The narrow fundamental miscarriage of justice exception encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray, 477 U.S. at 496 (1986).

Here, Petitioner has not presented any justification for failing to raise these claims on direct appeal or in his state habeas proceedings—let alone something external to him that cannot be fairly attributed to him—and thus he has failed to demonstrate the cause and prejudice necessary to overcome his procedural default of these claims. Petitioner's proposed grounds challenge the performance of his attorney on appeal, not at trial, and Petitioner had the opportunity to challenge trial counsel's performance both on direct appeal and in his state habeas proceedings. As such, the exception described in Trevino and Martinez does not apply in this case. See Trevino, 133 S. Ct. at 1921; Martinez, 132 S. Ct. at 1318-20.

Likewise, Petitioner has not contended—let alone shown—that a miscarriage of justice will occur if the Court does not consider his proposed claims. Accordingly, Petitioner's proposed claims have been defaulted and provide no basis for federal habeas relief. Petitioner has presented no justification for failing to properly raise these claims in state court, and he has therefore failed to demonstrate the cause and prejudice necessary to overcome his procedural default of these claims. Therefore, Petitioner's motions to amend should be **DENIED** because of undue delay in filing and because the proposed amendments would be futile (doc. nos. 13, 14, 15). See Saewitz, 133 F. App'x at 699; Coventry First, LLC, 605 F.3d at 870.

## IV. CONCLUSION

Having considered all the relevant pleadings, for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motions to amend be **DENIED** (doc. nos. 13, 14, 15), his § 2254 petition be **DENIED**, this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 19th day of June, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA